UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| 5455 CLARKINS DRIVE, INC., et al., ) | |
| ) | Case No. 1:09-cv-01841 |
| Plaintiffs, ) | |
| ) | JUDGE ANN ALDRICH |
| v. ) | |
| ) | |
| TERRY POOLE, et al., ) | |
| ) | |
| Defendants. ) | MEMORANDUM AND ORDER |
| ) | |
| ) | |

Before this court are two motions for temporary restraining orders filed by plaintiffs 5455 Clarkins Drive, Inc., GoGo Girls Cabaret, Inc., Triple-G Investments, Inc., and Sebastian Rucci (collectively, "The GoGo") on August 6, 2009. The first motion seeks to restrain defendant Terry Poole ("Poole"), superintendent of Ohio's Division of Liquor Control, from revoking its liquor license and operating privileges. [Dkt. 5]. The second motion seeks to restrain defendant Austintown Township (the "Township") and defendant Mahoning County (the "County") from enforcing the portions of its zoning ordinance that relate to signs displayed by sexually oriented businesses like The GoGo. [Dkt. 6]. The defendants responded to The GoGo's motion on August 10, 2009 [Dkt. 11, 12, 14]. The GoGo replied on August 11 and 14, 2009 [Dkt. 15]. A hearing was held on August 11, 2009. For the following reasons, this court grants The GoGo's motion for a temporary restraining order against Poole and denies The GoGo's motion for a temporary restraining order against the Township and the County.

**I.    FACTUAL BACKGROUND**

On July 31, 2007, the Township issued a certificate of occupancy to The GoGo to operate an adult cabaret. At the time, two other adult cabarets, Club 76 and Babylon, were operating within the

Township. On December 27, 2007, Ohio's Division of Liquor Control issued The GoGo a liquor license. The Township did not object to the issuance of the license.

Before opening, The GoGo painted a satellite located on the property with the image woman's face and the words "The GoGo" on the back. They also installed an aluminum sign on the side of the building that read "Night Club, The GoGo, and Cabaret." The township filed misdemeanor charges against The GoGo, alleging that the satellite dish and the aluminum sign violated the adult sign code. The adult sign code provides, in relevant part, that all signs for sexually oriented businesses must be "wall signs" with a "maximum allowable sign area of 40 square feet." Austintown Township Zoning Ordinance § 1905. The GoGo claims that Club 76 and Babylon have signage that is similar to The GoGo's signage, but the Township has not targeted them for being in violation of the ordinance.

On August 20, 2008, Judge D'Apolito of the Mahoning County Court found that The GoGo's two signs violated the adult sign code. The judge found that the aluminum sign was an oversized "banner" and that the satellite dish was a "sign" that was not wall-mounted. The GoGo timely appealed but eventually dismissed its appeal.

The GoGo installed other advertisements, including searchlights, parked-truck advertising, and directional entrance signage. On December 14, 2008, the Township informed The GoGo's that this signage also violated the adult sign code. The GoGo unsuccessfully appealed to the Board of Zoning Appeals and sought a variance. The GoGo filed an administrative appeal but eventually dismissed this appeal as well.

On December 22, 2008, the township passed a resolution objecting to the renewal of The GoGo's liquor license. On March 16, 2009, the Division of Liquor Control held a hearing regarding the renewal of The GoGo's liquor license. Liquor agents testified that they cited two people for underage drinking with false IDs. The police chief testified that his files included five police reports in the previous twelve months, but only brought one report to the hearing. The Fire Chief testified that

The GoGo made all fire code corrections as requested.

On May 5, 2009, The GoGo told the hearing officer and the Division of Liquor Control that it would not present any evidence because the Township had the burden of proof and did not present sufficient evidence. It requested that the hearing be closed at that time. The Division of Liquor Control did not affirmatively state that the hearing was closed. Approximately two weeks later, the Division of Liquor allowed the prosecutor's office to submit 156 pages of additional evidence and affidavits. The GoGo was informed of the county prosecutor's request to present additional evidence. The GoGo received a copy of the evidence submitted. Nonetheless, The GoGo did not object.

On June 12, 2009, the Division of Liquor rejected The GoGo's liquor license renewal in a decision rendered by Superintendent Poole. The GoGo appealed the decision within 30 days and requested that it be allowed to operate while the appeal is pending. This request was denied on August 11, 2009.

Meanwhile, on May 27, 2009, Judge D'Apolito of the Court of Common Pleas for Mahoning County ordered The GoGo closed because he deemed it a public nuisance pursuant to O.R.C. §§ 3767 and 2719.10. On July 29, 2009, Judge D'Apolito released The GoGo from closure because it had implemented specific measures to abate any continued nuisance.

## II.    TEMPORARY RESTRAINING ORDER STANDARD

This court must apply a four-part test to determine whether a temporary restraining order is appropriate. The court must consider: (1) the likelihood that The GoGo's will succeed on the merits of its claim; (2) whether The GoGo will suffer irreparable harm in the absence of injunctive relief; (3) the probability that granting the injunction will cause substantial harm to the defendants; and (4) whether the public interest is advanced by the issuance of the injunction. *See, e.g., McPherson v. Michigan High School Athletic Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997). A district court need not make specific findings on each factor, if fewer factors dispose of the issue. *Six Clinics Holding*

*Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 399 (6th Cir. 1997). Although the two motions are for temporary restraining orders, the motions are not *ex parte*, as the defendants have had an opportunity to respond. A district court may treat a motion for a temporary restraining order as one for a preliminary injunction if an adverse party had notice and an opportunity to attend a hearing. *MLZ, Inc. v. Fourco Glass Co.*, 470 F.Supp. 273 (D.C. Tenn. 1978), 11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2951 (2d ed. 1995). "As long as there is notice to the other side and an opportunity to be heard, the standard for a preliminary injunction is the same as that for a temporary restraining order." *Rios v. Blackwell*, 345 F.Supp.2d 833, 835 (N.D.Ohio 2004).

**III.    LIQUOR LICENSE**

    **A.    Abstention**

Defendants argue that this court should abstain from deciding the issues in this case pending the resolution of The GoGo's administrative appeal before the Commission. The court, however, finds that abstention pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and *Younger v. Harris*, 401 U.S. 37 (1971), is inappropriate at this time.

    1. *Younger* Abstention

Pursuant to *Younger*, a federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *Younger*, 401 U.S. at 44-45. Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise constitutional claims. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature, as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 44.

First, this court must determine if state proceedings are ongoing. According to the Sixth Circuit, "*Younger* applies to administrative as well as judicial proceedings." *Parker v. Kentucky Board of Dentistry*, 818 F.2d 504, 508 (1987). The GoGo has appealed Poole's decision to the Liquor Control Commission (the "Commission"). That appeal is currently pending. Thus, state administrative proceedings are on-going and the first prong of the *Younger* test is satisfied.

Second, the state proceedings must implicate important state interests. Neither party disputes the importance of the state's interest in regulating liquor licenses. Thus, the second prong of the *Younger* test is also satisfied.

Finally, the state proceedings must afford a plaintiff an adequate opportunity to raise constitutional claims. The GoGo claims that it cannot raise its constitutional claims in the state administrative proceedings because "constitutional issues cannot be determined administratively." *Bouquett v. Ohio St. Medical Bd.,* 123 Ohio App. 3d 466 (1997); *FOE Aerie 0760 Kokosing v. Liquor Control Comm'n*, 1996 Ohio App. Lexis 6048 (Nov. 6, 1996) ("Because constitutional issues are not proper matters for review by administrative agencies, we find the initial appropriate venue to raise the constitutional issues is the trial court."). The Supreme Court, however, has found that the appropriate inquiry is whether the "constitutional claims may be raised in state court judicial review of the administrative proceeding. 106 S.Ct. at 2724.

Ohio Revised Code 119.12 provides for judicial review of the Division of Liquor Control proceedings. Although a liquor license is not considered property under Ohio law, state courts have recognized that due process principles apply to the state's revocation of liquor licenses. *See, e.g., S&P Lebos, Inc. v. Ohio Liquor Control Comm'n*, 163 Ohio App.3d 803, 817 (App. Ct. 2005). Thus, The GoGo would eventually have an opportunity to have its due process claims heard and adjudicated in the state court.

Nonetheless, this court finds that the state proceedings do not afford The GoGo an adequate opportunity to raise its constitutional claims because there is no guarantee that The GoGo will ever have that opportunity. As the statute is currently written, a party may appeal a decision of the superintendent to the Commission within thirty days of the superintendent's decision. O.A.C. § 4301:1-1-65(A). The Commission must then schedule a hearing between seven and fifteen days after receiving the notice of appeal. O.A.C. § 4301:1-1-65(B). The Commission may grant the license holder permission to continue operation of the business until the appeal is heard and decided, but no criteria for this interim decision is outlined by the statute. *Id.* Finally, the statute provides that "[a]ny hearing may be postponed or continued by the Commission on its own motion or at the request of any party for such period of time and upon such terms as the Commission may prescribe." O.A.C. § 4301:1-1-65(F).

In the present case, the Commission employed each of these provisions in dealing with The GoGo's appeal. On July 7, 2009, the Commission received The GoGo's notice of appeal of the superintendent's decision. On July 9, 2009, the Commission informed The GoGo by letter that its appeal would be heard on "July 21, 2009 at 3:00 p.m. in the offices of the Liquor Control Commission," squarely within the statutorily mandated period of seven to fifteen days. [Dkt. 15]. In the letter's next sentence, however, the Commission informed The GoGo that "on its own motion, the Commission continues this hearing to an indefinite date." Lest there be any confusion, the Commission concluded in bold lettering that "the July 21, 2009 hearing will NOT be held." The GoGo was then informed that the Attorney General's office would notify them of a new hearing date. In addition, The GoGo was given a telephone number for the Attorney General's office and another telephone number

-6-

for questions.  The GoGo requested that it be permitted to operate in the interim, but the Commission denied that request on August 11, 2009.[1]

In theory, the statutory provisions of O.A.C. § 4301:1-1-65 imply that appeals will be resolved in a fair and expeditious manner.  Nevertheless, as the Liquor Control Commission's letter demonstrates, the statutory protections are illusory.  That the Commission can schedule a timely hearing in one breath and continue the hearing according to its own terms to an "indefinite date" in the next breath makes a farce of The GoGo's procedural due process rights.  Because the Commission can indefinitely continue the proceedings without reason, there is a very real possibility that the Commission can use the statute to drive disfavored parties out of business before they ever have the opportunity to be heard in state court.  Therefore, this court finds that the third prong of the *Younger* test is wholly unsatisfied and abstention is inappropriate.

2. *Colorado River* Abstention

A federal court may dismiss or stay a parallel action pursuant to *Colorado River* to avoid duplicative, piecemeal litigation.  *See Bowshier v. Daimlierchrysler Motors Co.*, 2004 WL 5347435, at *1, 2004 U.S. Dist. LEXIS 30552, at *3 (S.D.Ohio 2004).  Even so, "the 'clearest of justifications' must be present for a federal court to stay a proceeding pending the completion of the state action." *Madoffe v. Safelite Solutions, LLC*, 2007 WL 496665, at *1-2, 2007 U.S. Dist. LEXIS 9584, at *4-5 (S.D.Ohio 2007).

*Colorado River* abstention requires a two-part analysis. First, a district court must "determine that the concurrent state and federal actions are actually parallel."  *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (citing *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28 (6th Cir.

---

[1] The entirety of the Commission's decision reads as follows: "This matter came before the Liquor Control Commission on July 7, 2009, upon motion of counsel/permit holder for a stay of execution from the order or action of the Division of Liquor Control.  The Liquor Control Commission on consideration thereof, finds the motion for a stay of execution not well taken, and is hereby DENIED."  [Dkt. 17-5.]

-7-

1984)).  Second, a court must apply the following factors to the facts of the case and determine whether abstention is indeed appropriate:

> (1) whether the state court has assumed jurisdiction over any res or property;
>
> (2) whether the federal forum is less convenient to the parties;
>
> (3) avoidance of piecemeal litigation;
>
> (4) the order in which the jurisdiction was obtained;
>
> (5) whether the source of governing law is state or federal;
>
> (6) the adequacy of the state court action to protect the federal plaintiff's rights;
>
> (7) the relative progress of the state and federal proceedings; and
>
> (8) the presence or absence of concurrent jurisdiction.

*Finch v. Thomas Asphalt Paving Co.*, 252 F.Supp.2d 459, 462 (N.D.Ohio 2002) (citing *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 207 (6th Cir. 2001)).  A court may grant a motion to dismiss or stay an action if these factors indicate that abstention is appropriate.

In determining whether to abstain under *Colorado River*, a court must first consider whether the federal and state cases are "parallel." " 'Exact parallelism' is not required; 'it is enough if the two proceedings are substantially similar.' " *Romine*, 160 F.3d at 340.  In determining whether the proceedings are substantially similar, courts may consider the parties, the causes of action, the relief sought, and the material facts of each case. *See id.* at 339-40.

Here, The GoGo has filed § 1983 claims against the Township, the County, and Poole alleging violations of its procedural due process rights with regard to the revocation of its liquor license.  These facts and claims are substantially similar to the facts and claims that would eventually be decided on appeal in the state court. Consequently, this court finds that the two cases are substantially similar. Nonetheless, the *Colorado River* factors mitigate against abstention. In particular, the adequacy of the state proceedings is of serious concern to this court.  As previously discussed, this court will not abstain

-8-

while the state indefinitely continues The GoGo's appeal with no time tables, assurances, protections, or standards in place.

3. Anti-Injunction Act

The Township further argues that, even if the court does not abstain pursuant to *Colorado River* and *Younger*, The GoGo's claims would nevertheless be barred by the Anti-Injunction Act, 28 U.S.C. § 2283, which states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

The Supreme Court, however, has held that § 1983 is a Congressionally authorized exception to § 2283:

> The very purpose of § 1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights-to protect the people from unconstitutional action under color of state law, 'whether that action be executive, legislative, or judicial.' Ex parte Virginia, 100 U.S., [339] at 346, 25 L.Ed. 676 [(1879)]. In carrying out that purpose, Congress plainly authorized the federal courts to issue injunctions in § 1983 actions, by expressly authorizing a 'suit in equity' as one of the means of redress... § 1983 is an Act of Congress that falls within the 'expressly authorized' exception of [§ 2283].

*Mitchum v. Foster*, 407 U.S. 225, 242-43 (1972). Accordingly, because The GoGo's claims are brought pursuant to § 1983, the Anti-Injunction Act does not mandate its dismissal.

**B.       Temporary Restraining Order**

First, The GoGo must demonstrate a substantial likelihood that it will prevail on the merits. To state a § 1983 claim, a plaintiff must allege two elements (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan,* 840 F.2d 359, 360-61 (6th Cir.1988*);* 42 U.S.C. § 1983. Because it is clear that the deprivation, if any, occurred under the color of law, this court must only address whether

The GoGo has demonstrated a substantial likelihood that it will prevail on its due process claim.

      1. Likelihood of Success on the Merits

      The GoGo has argued that its due process rights were violated in two ways. First, The GoGo argues that it was arbitrarily targeted by the Township, the County, and Poole. "[A]n Ohio liquor license has a property interest protected under the Due Process Clause. Therefore the state must accord a liquor licensee due process before revoking the license." *Brookpark Ent., Inc. v. Taft*, 951 F.2d 710, 716 (6th Cir. 1991). The government is prohibited from "ganging up to drive out of business a seller of liquor whom they dislike for reasons unrelated to any plausible public interest." *Id.* at 717. "Such arbitrary targeting violates a licensee's due process rights." *Id.*

      The GoGo alleges that the Township and the County began a systematic campaign to have The GoGo shut down because The GoGo challenged the constitutionality of the Township's adult sign ordinance. The defendants have not responded to these allegations. Based on the current record, this court cannot conclude with any degree of confidence that there is a substantial likelihood that The GoGo will prevail on the merits with regard to this claim.

      The GoGo, however, has also argued that procedural deficiencies have prevented it from receiving a fair and timely hearing by the Commission. As previously discussed, O.A.C. § 4301:1-1-65 outlines the process that The GoGo is due under state law. O.A.C.

§ 4301:1-1-65(F), however, allows the Commission to indefinitely continue hearings on its own motion. This provision is constitutionally unsound because it has the potential to allow the Commission to permanently skirt the process that The GoGo is due under O.A.C. § 4301:1-1-65(B). Furthermore, the statute is unreasonably arbitrary, as it allows the Commission to continue the hearing "upon such terms as the Commission may prescribe." Thus, the Commission could indefinitely postpone the hearing for any reason whatsoever until an appealing party is run out of business.

This result, whether intended or not, is fundamentally unfair. Through its counsel, the Division of Liquor Control has assured this court that The GoGo's appeal would be "fast tracked" because its request to continue operating during the pendancy of the appeal was rejected. This court, however, has not been presented with any statutory provisions or policies outlining the Commissions procedures for fast tracking these cases. At the August 11, 2009, when this court asked him for the approximate month in which the appeal would be heard, counsel for the Division of Liquor Control was uncertain. The state's vague assurance that The GoGo's appeal would be "fast tracked," without more, is insufficient to satisfy the demands of due process. Accordingly, this court finds there is a high likelihood that The GoGo would succeed on the merits on at least one of its due process claims.

### 2. Irreparable Harm

The GoGo argues that Poole's decision to revoke its operating privileges has effectively closed the business and that it will likely be forced to declare bankruptcy if it is forced to wait months until its appeal is heard by the Commission. The state, however, argues that The GoGo may legally resume operation as long as it does not serve alcohol. It is apparent to this court, however, that The GoGo was

-11-

not intended to operate as a juice bar and likely would be unable to compete with Club 76 and Babylon if it were not allowed to serve alcohol. Because The GoGo claims that it will suffer a substantial loss of business and the possibility of bankruptcy, this court finds that The GoGo would suffer irreparable injury as a result of the state's failure to hear its appeal in a timely or predictable manner. *See Doran v. Salem Inn, Inc.*, 422 U.S. 922, 932 (1975) ("[A]bsent preliminary relief [the plaintiffs] would suffer a substantial loss of business and perhaps even bankruptcy. Certainly the latter type of injury sufficiently meets the standards for granting interim relief, for otherwise a favorable final judgment might well be useless.").

3. Harm to the Public If the Injunction Is Granted

The defendants claim that the public will suffer an injury if an injunction is issued because The GoGo is a problematic establishment that threatens public safety. The Court acknowledges this argument, but finds that the argument is substantially undercut by the state court's determination that The GoGo is no longer a public nuisance and that The GoGo implemented specific measures to prevent problems in the future. [Dkt. 1-19, at 2.]

4. Public Interest in Issuing the Injunction

To the extent that a public interest is implicated here, the Court holds that the interests of the public would be served by the temporary restraining order. The GoGo has demonstrated a likelihood of success on the merits. Therefore, the closure of a local business without due process of law would affect both local patrons and local businesses. Based on a careful consideration of the four factors identified above, this Court holds that a temporary restraining order is necessary.

**IV.    ADULT SIGN CODE**

The GoGo also argues that this court should restrain the Township from enforcing its Adult Sign Code because the ordinance is unconstitutional. This court, however, denies The GoGo's motion

because The GoGo has not demonstrated a substantial likelihood that it will prevail on the merits of its claims against the Township and the County.

The GoGo's compliance with the Adult Sign Code has been the subject of previous litigation. On August 20, 2008, Judge D'Apolito found that the GoGo's aluminum sign and satellite violated the adult sign code. The GoGo appealed the adverse decision but eventually dismissed its case.  With regard to its searchlights, parked-truck advertising, and directional entrance signage, The GoGo appealed an adverse decision by the Board of Zoning Appeals to the state court, but eventually dismissed this appeal as well.  The GoGo claims that its constitutional concerns were raised in both actions.

The GoGo's constitutional claims are barred by the doctrine of res judicata.  "It has long been the law of Ohio that an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were *or might have been* litigated in the first lawsuit."  *See Bench Signs Unlimited v. Jackson Township Zoning Dept.*, No. 5:96-cv-2070, 1996 WL 1070250, at *5 (N.D. Ohio Nov. 18, 1998), *affirmed*, 142 F.3d 431 (6th Cir. 1998).  The GoGo raised its constitutional claims, appealed the adverse decisions, and nonetheless decided to abandon the appeals in state court voluntarily.[2]  The earlier unfavorable decisions, therefore, became final and binding upon the parties. They cannot now be raised a second time in federal court.

## V. CONCLUSION

For the foregoing reasons, this court denies The GoGo's motion for a temporary restraining order against the Township and the County and dismisses Count 1 with prejudice.

---

[2] The GoGo claims that it abandoned its appeals because Judge D'Apolito ordered them to cooperate with the Township with respect to the "aesthetics of the premises" when he declared the property a public nuisance. Because it was acting pursuant to Judge D'Apolito's order, The GoGo claims that its dismissal of the appeals was involuntarily. This court, however, finds that Judge D'Apolito's order does not appear to compel dismissal of the appeals and that the dismissals were voluntary.

Also for the foregoing reasons, this Court grants The GoGo's motion for a preliminary injunction against the Division of Liquor Control. Terry Poole and the officers, employees, agents and representatives of the Division of Liquor Control are enjoined and restrained from requiring 5455 Clarkins Drive to surrender its liquor license (Permit No. 2759612), or revoking its operating privileges, or in any way limiting its rights in such license, until the appeal is heard and decided by the Commission in his favor or, if the Commission's decision is unfavorable to The GoGo, until a subsequent appeal has been heard and decided by the appropriate state court.

Pursuant to Federal Rule of Civil Procedure 65(c), this restraining order shall become effective upon The GoGo's posting of security in the amount of $200 for the payment of such costs and damages as may be incurred by any party who is later found to have been wrongfully restrained.

IT IS SO ORDERED.

/s/*Ann Aldrich*

ANN ALDRICH

UNITED STATES DISTRICT JUDGE

**Dated:** August 17, 2009