UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| 5455 CLARKINS DRIVE, INC., et al., ) | |
| ) | Case No. 1:09-cv-01841 |
| Plaintiffs, ) | |
| ) | JUDGE ANN ALDRICH |
| v. ) | |
| ) | |
| TERRY POOLE, et al., ) | |
| ) | |
| Defendants. ) | MEMORANDUM AND ORDER |
| ) | |
| ) | |

Before this court is defendant Mahoning County's (the "County") motion for summary judgment on all of the plaintiffs' (the "GoGo") remaining claims. For the following reasons, this court grants the County's motion.

### I. FACTUAL BACKGROUND

On December 22, 2008, Austin Township passed a resolution objecting to the renewal of the GoGo's liquor license. On March 16, 2009, the Division of Liquor Control held a hearing regarding the renewal of the GoGo's liquor license. On June 12, 2009, the Division of Liquor Control rejected the GoGo's liquor license renewal in a decision rendered by Superintendent Poole. The GoGo appealed the decision within 30 days and requested that it be allowed to operate while the appeal is pending. This request was denied on August 11, 2009. Nonetheless, this court enjoined the state from enforcing the Division of Liquor Control's decision for the time being. The Mahoning County Prosecutor's Office (the "County Prosecutor's Office") represented Austintown Township in this matter.

Meanwhile, on May 1, 2009, the Mahoning County Prosecutor's Office (the "County Prosecutor's Office") filed a complaint and motion for a temporary restraining order in state court, alleging that the GoGo's operations constituted a nuisance. On May 27, 2009, the state court ordered

the GoGo closed because the judge deemed it a public nuisance pursuant to O.R.C. §§ 3767 and 2719.10. On July 28, 2009, the judge released the GoGo from closure because it had implemented specific measures to abate any continued nuisance. The County Prosecutor's Office also represented Austintown Township in this matter.

On August 6, 2009, the GoGo filed a complaint in this court, alleging that Austintown Township, the County, and the Division of Liquor Control had violated its constitutional rights. With regard to the County, the GoGo has essentially alleged that the County Prosecutor's Office "sought to close the GoGo because their competitor wanted them out of business" and that the competitor was "being protected by the defendants." [Dkt. 37, at 28].

**II.    SUMMARY JUDGMENT**

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004). If the movant succeeds, the burden then shifts to the nonmoving party to demonstrate the existence of a material dispute as provided in Rule 56(e)(2):

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial.

FED. R. CIV. P. 56(e)(2); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Parties opposing summary judgment must go beyond the pleadings and produce some type of evidentiary material in support of their position. *See Celotex*, 477 U.S. at 324.

In determining whether a genuine issue of material fact exists, this court must view all of the evidence in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Hamby v. Neel*, 368 F.3d 549, 556 (6th Cir. 2004); *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson*, 477 U.S. at 248. An issue is "genuine" if the evidence is such that a reasonable juror "could find by a preponderance of the evidence that the [nonmoving party] is entitled to a verdict" or whether the evidence is "so one-sided that [the moving party] must prevail as a matter of law." *Id.* at 252.

### III.   COUNTS II AND III

The County argues that it is not liable under § 1983. Before governmental liability may arise under § 1983, a plaintiff must show (1) that his injury was caused by a constitutional violation, and (2) that the government entity was responsible for that violation. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). The Sixth Circuit has stated:

> "[A] municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'" *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Municipal liability must rest on a direct causal connection between the policies or customs of the city and the constitutional injury to the plaintiff; "[r]espondeat superior or vicarious liability will not attach under § 1983." *Id.* at 385, 109 S.Ct. 1197.

While the GoGo has articulated allegations of improper behavior on the part of the County Prosecutor's Office, the GoGo has failed to articulate any policy or custom for which the County can be held liable. Rather, the GoGo has relied on *Pembaur v. Cincinnati*, 475 U.S. 469 (1986) for the proposition that "an Ohio county prosecutor is a policy-maker authorized to establish the 'official policy' of the county with 'respect to matters of law enforcement' and the county is liable for even 'a single decision' from the county prosecutor."

In *Pembaur*, an employer refused to allow a sheriff to enter his place of business and execute an arrest warrant for certain of his employees. *Id.* at 472. The county prosecutor "instructed" the sheriff to "go in and get" the employees. *Id.* at 473. The police then forcibly entered and executed the arrest warrants. *Id.* The employer sued pursuant to § 1983, and the court held that his constitutional rights were violated. The court found that the county prosecutor "was acting as the final decisionmaker for the county," *id.* at 485, and concluded that "municipal liability under § 1983 attaches where--and only where--a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Id.* at 483.

The Sixth Circuit has distinguished situations where, as in *Pembaur*, a municipality "abdicated its ultimate decisionmaking authority or handed over such authority" to a prosecutor from situations wherein a municipality "decided to take action and asked the prosecutor for advice on how it could best execute its decision." *Crosby v. Pickaway County General Health District*, 303 Fed. App'x 251, 258-59 (6th Cir. 2008). In the latter situation, a prosecutor's office cannot be the source of official policy. *Id.*

Here, the County has shown that the County Prosecutor's Office acted as a legal advisor and did not hold any final or ultimate decisionmaking authority. The County filed affidavits from three members of the Austintown Township Board of Trustees, each stating that the Mahoning County Prosecutor's office "served as official legal advisor and attorney of record" for Austintown Township when filing objections with the Division of Liquor Control. Furthermore, the trustees stated that the "Mahoning County Prosecutor's Office also served and continues to serve as legal advisors and statutory counsel to Austintown Township in connection with the nuisance abatement action." In this capacity, the trustees conclude that the Mahoning County Prosecutor's Office "provided legal advice

-4-

and counsel." In both the liquor license hearings and the nuisance abatement action, the evidence before this court shows that the source of the official policy in question was Austintown Township, not the County Prosecutor's Office. Accordingly, this court grants the County's motion for summary judgment on Counts II and III of the verified complaint.

**IV.  COUNT IV**

The GoGo has also asserted that the closure of its club constituted a regulatory taking pursuant to Ohio Const. Art. I § 19. In its response, the County argued that the claim is not ripe, as the GoGo has not exhausted all available state remedies. The GoGo did not reply to this argument.

The Sixth Circuit has found that takings claims under Ohio and federal law are not ripe for federal review until a plaintiff has exhausted all available state remedies. Where a property holder asserting a regulatory takings claim "has not resorted to state procedures for obtaining just compensation and has made no claim that these procedures are inadequate, his takings claim is not ripe for federal court review." *Silver v. Franklin Township Board of Zoning Appeals*, 966 F.2d 1031, 1035 (6th Cir. 1992). The GoGo did not allege that they had unsuccessfully pursued any state remedies or that the available state remedies are inadequate. Accordingly, its regulatory takings claims are not ripe and Count IV is dismissed without prejudice.

**V.  CONCLUSION**

For the foregoing reasons, this court grants the County's motion for summary judgment on Counts II and III and dismisses Count IV without prejudice.

IT IS SO ORDERED.

   /s/*Ann Aldrich*
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated:** November 25, 2009