UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| 5455 CLARKINS DRIVE, INC., et al., | ) | |
| | ) | Case No. 1:09-cv-01841 |
| Plaintiffs, | ) | |
| | ) | JUDGE ANN ALDRICH |
| v. | ) | |
| | ) | |
| TERRY POOLE, et al., | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM AND ORDER |
| | ) | |
| | ) | |

Before this court is a motion to file an amended complaint filed by plaintiffs 5455 Clarkins Drive, Inc., GoGo Girls Cabaret, Inc., Triple-G Investments, Inc., and Sebastian Rucci (collectively, "The GoGo"). The defendants oppose the motion. For the following reasons, this court will abstain pursuant to *Colorado River Conservation Dist. v. United States*, 424 U.S. 800 (1976) and will stay the case pending the resolution of the state court proceedings.

The GoGo have operated an an "adult cabaret" called the GoGo Cabaret in Austintown Township, Ohio for several years. On June 12, 2009, the Ohio Division of Liquor Control rejected The GoGo's liquor license renewal application. The GoGo's appeal of that decision is currently pending.

On August 6, 2009, The GoGo filed this case in federal court, asserting various claims pursuant to 28 U.S.C. § 1983. On August 17, 2009, this court enjoined the Division of Liquor Control's decision to not renew the liquor license, citing procedural due process concerns. *See 5455 Clarkins Drive, Inc. v. Poole*, No. 1:09-cv-01841, 2009 WL 2567761 (N.D. Ohio Aug. 17, 2009).

In a separate proceeding held on November 27, 2009, the Ohio Liquor Control Commission decided to revoke The GoGo's liquor license. The GoGo appealed that decision in the Franklin County Court of Common Pleas on December 10, 2009. The state court granted a stay of the revocation decision until the appeal was resolved.

On January 26, 2010, The GoGo filed a motion for leave to file a first amended complaint. In response, the defendants requested that this court abstain pursuant to the *Younger*, *Colorado River*, or *Burford* abstention doctrines. For the following reasons, this court will abstain pursuant to the Colorado River abstention doctrine and will stay the case until the state court proceedings are resolved.

A federal court may dismiss or stay a parallel action pursuant to Colorado River to avoid duplicative, piecemeal litigation. *See Bowshier v. Daimlierchrysler Motors Co.*, No. 3:03cv313, 2004 WL 5347435, at *1 (S.D. Ohio Aug. 30, 2004). Even so, "the 'clearest of justifications' must be present for a federal court to stay a proceeding pending the completion of the state action." *Madoffe v. Safelite Solutions, LLC*, No. 2:06-CV-771, 2007 WL 496665, at *1-2 (S.D. Ohio Feb. 8, 2007).

*Colorado River* abstention requires a two-part analysis. First, a district court must "determine that the concurrent state and federal actions are actually parallel." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (citing *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28 (6th Cir. 1984)). Second, a court must apply the following factors to the facts of the case and determine whether abstention is indeed appropriate:

> (1) whether the state court has assumed jurisdiction over any res or property;
>
> (2) whether the federal forum is less convenient to the parties;
>
> (3) avoidance of piecemeal litigation;
>
> (4) the order in which the jurisdiction was obtained;
>
> (5) whether the source of governing law is state or federal;
>
> (6) the adequacy of the state court action to protect the federal plaintiff's rights;
>
> (7) the relative progress of the state and federal proceedings; and
>
> (8) the presence or absence of concurrent jurisdiction.

*Finch v. Thomas Asphalt Paving Co.*, 252 F. Supp.2d 459, 462 (N.D. Ohio 2002) (citing *PaineWebber,*

*Inc. v. Cohen*, 276 F.3d 197, 207 (6th Cir. 2001)). A court may grant a motion to dismiss or stay an action if these factors indicate that abstention is appropriate.

In determining whether to abstain under Colorado River, a court must first consider whether the federal and state cases are "parallel." "'Exact parallelism' is not required; 'it is enough if the two proceedings are substantially similar.'" *Romine*, 160 F.3d at 340. In determining whether the proceedings are substantially similar, courts may consider the parties, the causes of action, the relief sought, and the material facts of each case. *See id.* at 339-40.

Here, The GoGo have filed § 1983 claims against the defendants, alleging violations of their procedural due process rights with regard to the non-renewal and revocation of the liquor license. These facts and claims are substantially similar to the facts and claims that would eventually be decided on appeal in the state court. Consequently, this court finds that the two cases are substantially similar.

Furthermore, the *Colorado River* factors weigh in favor of abstention. By abstaining for the time being, this court would avoid piecemeal litigation as various aspects of the case proceed through three courts at the same time. A decision by the state court as to the propriety of the revocation or non-renewal would render it unnecessary for this court to make certain findings. Moreover, The GoGo filed their administrative appeal in the liquor license non-renewal case before filing this case in federal court. Though The GoGo have raised federal constitutional considerations, the source of the liquor laws is entirely state law. Now that the non-renewal of the liquor license has been enjoined by this court and the revocation of the liquor license has been stayed by the state court, there are no longer any procedural concerns which render the state court action inadequate to protect The GoGo's rights. Finally, as the plaintiffs noted in their motion to amend, no significant discovery has taken place in this case. Thus, considering the complexity of the factual and procedural background, the case is still relatively young. These factors more than outweigh those that mitigate against abstention.

For the foregoing reasons, this court will abstain pursuant to Colorado River. Accordingly, this court directs the parties to immediately inform the court when a decision on that appeal has been issued. Until that time, this case shall be stayed and administratively closed subject to reopening upon written motion by any of the parties.

IT IS SO ORDERED.

    /s/*Ann Aldrich*
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: April 9, 2010**